THE UNION LABOR LIFE INSURANCE COMPANY, PLAIN-
TIFF, v. THURA O. WENDEBORN, DEFENDANT.

Decided July 14, 1941.

For the motion, *Kristeller & Zucker* (*Lionel P. Kristeller*).

*Contra, Samuel Kalikman.*

PALMER, S. C. C. This is a motion to strike an answer in
an ejectment suit. The complaint, in statutory form, demands
possession of a tract of land in the Borough of Audubon, in
the County of Camden, and alleges that plaintiff's right to
possession accrued on May 2d, 1941, and that defendant
wrongfully deprives it of possession.

The affidavits in support of this motion state that the plain-
tiff is the owner and holder of a bond and mortgage covering
said premises dated July 13th, 1938, made by defendant and
her husband, Nicholas J. Wendeborn, duly recorded; that
on January 13th, 1941, there was a default in the quarterly
payment on account of the principal and plaintiff has exer-
cised its option to declare the entire balance to be due and
that possession has been demanded and refused by defendant.

The affidavit further states that defendant derives her title
and right of possession by deed dated July 16th, 1936, from
the Oaklyn Building and Loan Association to her and her
husband as tenants by the entirety, and that defendant is
separated from her husband and they are not living together.

The answer is in statutory form and then sets up three sepa-

rate defenses, the first of which alleges that defendant and her husband are tenants by the entirety; that the cause of action is based on a bond and mortgage executed by defendant and her husband, and that her husband, a member of the Naval Reserves, was called into active service on January 1st, 1941, and that the cause of action is barred by the provisions of the Soldiers' and Sailors' Civil Relief Act approved October 17th, 1940, being Public Act No. 861 of the Seventy-sixth Congress.

The second separate defense makes the same allegations and concludes with the statement that the alleged remedy is barred by said Act of Congress.

The third separate defense alleges that the cause of action is barred by reason of the failure of plaintiff to join the husband as a party defendant. There is no denial of the allegations in the affidavits submitted by the plaintiff. The question then becomes one of the construction of some of the provisions of the Soldiers' and Sailors' Civil Relief Act as applied to this situation.

The Ejectment Act, *R. S.* 2:51-3; *N. J. S. A.* 2:51-3, requires suit to be brought against the person in possession. That obviously has been done in this case. It is not suggested that an ejectment suit may not be brought against one of two tenants by the entirety, except as the Civil Relief Act may affect the situation.

Section 100 of said act states that it makes provision to suspend the enforcement of civil liabilities in certain cases of persons in the military service of the United States, in order to enable such persons to devote their entire energy to the defense needs of the nation.

Section 200 of the act provides that before a default judgment may be entered an affidavit must be filed showing that the defendant is not in military service. It further provides in actions or proceedings in which the party in military service is a party, if such party does not personally appear the court may appoint an attorney to represent him. The defendant here is obviously not in military service.

Section 302 of the act provides that in suits to enforce obligations secured by mortgage, trust deed or other security

in the nature of a mortgage upon real or personal property owned by a person in military service the court may, on its own motion, and shall on the application of such person or some person in his behalf, stay the proceedings or make some other equitable disposition of the matter to conserve the interest of all parties.

This suit is not against a defendant in military service and is not brought to enforce any obligation arising from the bond and mortgage. The person in service, that is, the husband of the defendant, does not, nor does anyone in his behalf, make an application for any stay or proceedings.

Section 300 of the act deals with the subject of distress or ejection of the wife, children or other dependents of a person in military service where the rent does not exceed the sum of $80 per month. These provisions with relation to the question of landlord and tenant actions precede those in the statute dealing with mortgages and the provisions are quite different and obviously intended to apply to different situations. Consequently the first and second separate defenses present no defense to this suit.

As to the third separate defense, I know of no rule requiring the husband of the defendant to be made a party in such an ejectment as is here presented because he is one of the tenants by the entirety. His title cannot be affected by this ejectment suit. Possession only of the property in question is demanded and obviously the plaintiff has a right to bring this suit to obtain such possession.

The motion to strike the answer will be granted.